UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIEN D. MARTIN,

    Petitioner,

v.

GREGORY L. SKIPPER,

    Respondent.

Case No. 19-cv-12787
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S HABEAS CORPUS PETITION (ECF No. 10), (2) DISMISSING PETITION (ECF No. 1); (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Christien D. Martin is a state prisoner in the custody of the Michigan Department of Corrections. On September 20, 2019, Martin filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.[1] (*See* Pet., ECF No. 1.) On March 25, 2020, Respondent filed a motion to dismiss the petition as untimely. (*See* Mot., ECF No. 10.) Martin filed a response to

---

[1] Although the Clerk of Court filed Martin's habeas petition on September 24, 2019, Martin signed the petition on September 20, 2019, and he stated that he placed the petition in the prison mailing system that day. (*See* Pet., ECF No. 1, PageID.21.) The Court, therefore, considers the petition filed on September 20, 2019, the date that Martin signed and submitted it to prison officials for filing with the Court. *See Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 456 (6th Cir. 2012) (stating that "[u]nder the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing").

Respondent's motion on July 8, 2020. (*See* Resp., ECF No. 13.) In that response, Martin does not argue that his habeas petition was timely filed. Instead, he asks the Court to equitably toll the applicable statute of limitations for periods of time that he was hospitalized, recuperating from surgery, proceeding as his own attorney, and confined in prison segregation. (*See id.*)

The Court has carefully reviewed Respondent's motion and Martin's response, and it concludes that Martin's petition is time barred and that Martin is not entitled to equitable tolling of the limitations period. Accordingly, the Court will **GRANT** Respondent's motion and **DISMISS** Martin's habeas petition with prejudice.

# I

Martin was charged in the Washtenaw County Circuit Court with one count of criminal sexual conduct ("CSC") in the first degree and one count of first-degree home invasion. Martin was also charged as a habitual offender. On the date set for trial, Martin pleaded guilty to an added charge of CSC in the third degree. *See* Mich. Comp. Laws § 750.520d(1)(c) (sexual penetration of an incapacitated victim). In exchange for his plea, the prosecution dismissed the first-degree CSC charge, the home-invasion charge, and a notice charging Martin with being a habitual offender. The parties also agreed to a sentence of nine to fifteen years in prison. (*See* 1/26/15 Plea Tr., ECF No. 11-5.)

After Martin pleaded guilty, he sent the trial court two letters in which he asked for the appointment of counsel and for permission to withdraw his guilty plea. At sentencing, Martin again sought to withdraw his plea. He claimed, among other things, that his attorneys were ineffective and that they had pressured him to plead guilty by telling him that he would be found guilty if he went to trial and that he would be sentenced to twenty-five years in prison. The trial court determined that the prosecution would be prejudiced by a withdrawal of the plea and that Martin's allegation of coercion was not believable. The court therefore denied Martin's motion to withdraw his plea, and it sentenced him to nine to fifteen years imprisonment. (*See* 2/23/15 Sentencing Tr., ECF No. 11-6.)

Martin then filed a delayed application for leave to appeal in the Michigan Court of Appeals. In that application, Martin argued through counsel that the state trial court had abused its discretion when it denied his motion to withdraw his guilty plea. On October 8, 2015, the Michigan Court of Appeals denied Martin's application for "lack of merit in the grounds presented." (*See People v. Martin*, No. 328913 (Mich. Ct. App. Oct. 8, 2015) (ECF No. 11-10, PageID.168.))

Martin's deadline for filing an application for leave to appeal in the Michigan Supreme Court was fifty-six days later, on December 3, 2015. *See* Mich. Ct. R. 7.305(C)(2)(a) (stating that an application for leave to appeal must be filed within 56 days of an opinion or order from the Michigan Court of Appeals resolving an

appeal, including an order denying an application for leave to appeal in criminal cases). The Michigan Supreme Court, however, received Martin's application for leave to appeal on December 17, 2015. It rejected the application as untimely. (*See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, ECF No. 11-11.)

On July 11, 2016, about seven months after the deadline to seek leave to appeal in the Michigan Supreme Court, Martin filed a motion for relief from judgment in the state trial court. He argued that: (1) the trial court had engaged in improper judicial fact-finding at his sentencing; (2) the trial court had committed reversible error when it denied his motion to withdraw his guilty plea after he established that his plea was involuntary, inaccurate, and induced by fear and coercion; and (3) his trial and appellate attorneys rendered ineffective assistance. (*See* Mot. for Relief from J., ECF No. 11-7.) The trial court held a hearing and denied the motion on September 21, 2016. (*See People v. Martin*, No. 14-493 FH (Washtenaw Cty. Cir. Ct. Sept. 21, 2016) (ECF No. 11-9.))

Martin thereafter filed an application for leave to appeal in the Michigan Court of Appeals. That court denied the application because Martin failed to establish that the trial court had erred when it denied his motion. (*See People v. Martin*, No. 336764 (Mich. Ct. App. May 26, 2017) (ECF No. 11-12, PageID.277.)) Martin then filed an application for leave to appeal in the Michigan Supreme Court. On July 27, 2018, that court denied leave because Martin had failed to establish an entitlement

to relief under Michigan Court Rule 6.508(D). *See People v. Martin*, 915 N.W.2d 347 (Mich. 2018).

As noted above, Martin signed his current federal habeas petition on September 20, 2019, and on September 24, 2019, the Clerk of Court filed the petition. (*See* Pet., ECF No. 1.) In the petition, Martin argues that he is entitled to relief on the following grounds: (1) the state trial court violated his rights under the Sixth and Fourteenth Amendments when it deviated from properly calculated sentencing guidelines and engaged in judicial fact-finding at sentencing; (2) the state trial court violated his constitutional right to due process and committed reversible error when it denied his motion to withdraw his guilty plea after he established that his plea was involuntary, inaccurate, and induced through fear and coercion; and (3) he was denied his Sixth Amendment right to effective counsel by trial and appellate counsel's numerous errors, omissions, and repeated failures. (*See id.*, PageID.5-11.)

Respondent has moved to dismiss the petition on the basis that it was not filed within the applicable statute of limitations. (*See* Mot. to Dismiss, ECF No. 10, PageID.47, 49.) The Court then ordered Martin to show cause why his petition should not be dismissed as untimely. (*See* Order to Show Cause, ECF No. 12.) Martin responded that he did not intentionally miss the deadline for his habeas petition and that his *pro* se status, his medical problems, and a period of time that he

5

spent in prison segregation hindered his ability to meet state and federal deadlines. (*See* Resp. to Order to Show Cause, ECF No. 13.)

## II

### A

"Deadlines matter, especially in habeas cases." *Simmons v. United States*, __ F.3d __, 2020 WL 5494572, at *1 (6th Cir. Sept. 11, 2020) (affirming dismissal of habeas petition as untimely filed). This case is governed by a deadline found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA establishes a one-year period of limitation for state prisoners to file a federal application for the writ of habeas corpus. *See Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitation period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Martin is not relying on a newly recognized constitutional right or a new factual predicate, and he has not asserted that the State created an impediment to filing a timely petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B)–(D). Therefore, his conviction became final at the conclusion of direct review. Under Section 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). As the Supreme Court has explained:

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). This "limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 562 U.S. at 550-51 (quoting 28 U.S.C. § 2244(d)(2)).

7

**B**

Martin's federal habeas petition was not timely filed under AEDPA's one-year statute of limitations. Martin's conviction became final on December 3, 2015, when the deadline expired for filing a direct appeal in the Michigan Supreme Court. *See Gonzalez*, 565 U.S. at 150; *Jimenez*, 555 U.S. at 119. AEDPA's one-year statute of limitations began to run on the following day, *see Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002); Fed. R. Civ. P. 6(a)(1), and it ran uninterrupted for 220 days until July 11, 2016, when Martin filed his motion for relief from judgment in the state trial court. AEDPA's limitation period was then tolled under 28 U.S.C. § 2244(d)(2) for the entire time that Martin's motion for relief from judgment was pending in the state trial and appellate courts. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (stating "that an application is pending [for purposes of 28 U.S.C. § 2244(d)(2)] as long as the ordinary state collateral review process is 'in continuance'- *i.e.,* 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending'").

As described above, the Michigan Supreme Court denied Martin leave to appeal the state trial court's denial of his motion for relief from judgment on July 27, 2018. This concluded the state courts' collateral review of Martin's conviction.

Therefore, on July 28, 2018, AEDPA's limitation period resumed running,[2] and Martin then had 145 days, or until December 19, 2018, to file his habeas corpus petition in federal court.

Martin dated his habeas corpus petition on September 20, 2019. His petition is therefore untimely under AEDPA's one-year statute of limitations because it was filed more than one year after his conviction became final (accounting for the time the statute of limitations was tolled while Martin's motion for relief from judgment was pending in the state courts).

## C

Martin does not argue that he timely filed his habeas petition. Instead, he urges the Court to equitably toll the limitations period. Martin has not persuaded the Court that he is entitled to equitable tolling of AEDPA's statute of limitations.

AEDPA's limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court, however, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Moreover, because "[d]eadlines

---

[2] AEDPA's limitation period is not tolled during the time that a habeas petitioner could have appealed to the United States Supreme Court following the conclusion of state collateral review. *See Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007).

matter," courts "require good excuses to overcome them." *Simmons*, 2020 WL 5494572, at *1.

Martin insists that he has "good excuses" to overcome AEDPA's one-year statute of limitations. He primarily argues that he is entitled to equitable tolling for three reasons: (1) he suffered from two serious medical episodes that prevented from timely filing his petition, (2) he was placed in prison segregation for nearly a year which prevented from being able to timely pursue his legal rights, and (3) he is proceeding *pro se* and attempted in good faith to comply with all of the applicable legal rules and deadlines. None of these reasons persuade the Court that Martin is entitled to equitable tolling.

### 1

First, Martin argues that he is entitled to equitable tolling because he suffered from two serious medical episodes that interfered with his ability to timely file legal documents. Martin says that in 2015, he was hospitalized for major oral surgery and that that hospitalization prevented him from filing a timely application for leave to appeal his convictions in the Michigan Supreme Court. (*See* Resp. to Order to Show Cause, ECF No. 13, PageID.435.) But Martin was hospitalized while he was pursuing his *state* appellate rights. And his surgery only delayed his ability to file an application for leave to appeal in the state courts by two weeks. Moreover, after the Michigan Supreme Court rejected his application as untimely, Martin still had

almost a year to file either a federal habeas petition or a post-conviction motion in the state trial court that would toll AEDPA's limitation period. And, indeed, Martin was healthy enough to file such a post-conviction motion on July 11, 2016, which was approximately seven months after AEDPA's statute of limitations began to run. (*See* Mot. for Relief from J., ECF No. 11-7, PageID.139.) Thus, while Martin's oral surgery in 2015 may have affected his ability to timely file an application for leave to appeal in the Michigan Supreme Court, Martin has not shown that the surgery materially affected his ability to comply with AEDPA's limitations period. It therefore does not entitle to him to equitable tolling.

Martin next says that he developed an infection following his 2015 surgery and the infection required him to have a second surgery on July 27, 2017. (*See id*., PageID.437.) But Martin's 2017 surgery did not affect his ability to timely file his federal habeas petition. That is because the surgery took place while AEDPA's statute of limitations was tolled. As described above, Martin filed a motion for relief from judgment with the state trial court on July 11, 2016, and that filing "stopped the clock" on AEDPA's limitations period. And the clock remained stopped until after the Michigan Supreme Court denied Martin leave to appeal on July 27, 2018 – a year after Martin's second surgery. Martin has not provided any evidence he was suffering any ill effects from the second surgery at the time AEDPA's limitations

period began to run again in July 2018. Martin is therefore not entitled to equitable tolling based on his second surgery.

## 2

Second, Martin asserts that he is entitled to equitable tolling because he was confined in a prison segregation unit "almost the whole year of 2017 into 2018." (Resp. to Order to Show Cause, ECF No. 13, PageID.435-438.)  But again, Martin has not and cannot show that his placement in segregation affected his ability to timely file his federal habeas petition.  As described above, AEDPA's statute of limitations was tolled starting on July 11, 2016, and it did not begin to run again until July 28, 2018.  Thus, even if Martin was in segregation and unable to file legal documents for "almost the whole year of 2017 into 2018," AEDPA's statute of limitations was tolled during that time.  Simply put, the period of Martin's segregation did not "count" against the time he had to file his federal habeas petition. Martin is therefore not entitled to equitable tolling based on his time spent in prison segregation.

## 3

Finally, Martin claims that he has been diligent in pursuing his rights, and he points out that he has been proceeding without the help of an attorney since the Michigan Court of Appeals denied leave to appeal on direct review.  But "to qualify as [an] 'extraordinary circumstance[]' [a] petitioner must show more than just his

status as *pro se* or his limited access to a law library." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). *See also Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (declining to invoke equitable tolling and "not[ing] that [petitioner's] *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance."); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–52 (6th Cir. 2011) (same). Martin's status as a *pro se* petitioner does not entitle him to equitable tolling.

For all of these reasons, Martin has failed to show that an extraordinary circumstance prevented him from filing a timely federal habeas petition. The Court therefore declines to equitably toll AEDPA's limitation period, grants Respondent's motion to dismiss, dismisses Martin's petition with prejudice.

### III

Before Martin may appeal this Court's decision, he must obtain a certificate of appealability. *See* 28 U.S.C § 2253(c)(3). In cases where the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A federal district court may grant or deny a certificate of appealability when the court

issues a ruling on the habeas petition. *See Castro v. United States* 310 F.3d 900, 901 (6th Cir. 2002).

Here, reasonable jurists would not debate the correctness of the Court's procedural ruling that Martin's petition is time-barred. The Court therefore **DENIES** Martin a certificate of appealability.

Finally, although this Court declines to issue Martin a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). Although jurists of reason would not debate this Court's resolution of Martin's claims, an appeal could be taken in good faith. Accordingly, the Court **GRANTS** Martin permission to proceed *in forma pauperis* on appeal.

## IV

For the reasons stated above, the Court **GRANTS** Respondent's motion for dismiss (ECF No. 10), **DISMISSES** Martin's habeas petition (ECF No. 1) with prejudice, **DENIES** Martin a certificate of appealability, and **GRANTS** Martin permission to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761